**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-23-08145-001-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Evebert Rentz Blackwater, | |
| Defendant. | |

Defendant Evebert Rentz Blackwater, who was convicted of two counts of second-degree murder after killing his child and victim W.T. in a car crash, agreed to pay "full restitution" up to $250,000 to "all victims directly or proximately harmed by" his conduct. (Doc. 53 at 2-3.) At sentencing, the court ordered the payment of $6,900 to N.T., W.T.'s brother who was also injured in the crash. (Doc. 54 at 1.) But because W.T.'s daughter and wife planned to seek additional restitution "for loss of wages and for the burial" and had not yet provided the amount, the judgment indicated the remaining restitution would be determined later. (Doc. 51 at ¶ 14, Doc. 54 at 1.)

On July 15, 2025, the government requested a restitution hearing because the parties were "unable to reach an agreement with respect to the amount of restitution owed to K.T.[,]" W.T.'s daughter. (Doc. 56 at 1.) The court held that hearing on August 4, 2025. (Doc. 58.) At the start of the hearing, the government made clear K.T. was seeking restitution for "her lost wages" and did not plan to present evidence other than K.T.'s testimony to seek future lost wages for W.T. himself.

1    K.T. testified she was the Navajo culture's equivalent of the representative of her father's estate. She had been living in Washington state and working for the Squaxin Island Tribe but was at her family's ranch on the Navajo Reservation on bereavement leave from that job (based on her brother's death) when Blackwater killed her father on August 31, 2023. When the police confirmed W.T. had been killed, K.T. knew she would need to assume the responsibilities of taking care of the ranch and her mother—jobs her father had always done before—and could not do so from Washington. So on September 1, 2023, she submitted her resignation letter to the Squaxin Island Tribe.

Over the following months until she found a new job in Arizona on December 18, 2023, K.T. was the sole caretaker performing all the work her father had previously done on the ranch. She cared for three horses, 27 sheep, and six cattle by feeding them, watering them, and providing veterinary care. She moved heavy bales of hay and grain to feed the animals. She repaired fences and did other upkeep like electrical work, plumbing, and roofing. Doing her father's jobs took her an average of 15-20 hours every week. And even after starting her new job in Arizona, she still spends 15-20 hours working on the ranch but now confines that work to the weekends.

The government initially moved for restitution for K.T.'s own lost wages from the Squaxin Island Tribe for a time period including but not limited to September 1, 2023, to December 18, 2023, an amount of at least $16,793.57. Blackwater opposed that request as inconsistent with statutes and case law governing restitution. At the restitution hearing, in response to the court's question whether it was possible to value W.T.'s own lost wages, the government requested a minimum wage value be attached to W.T.'s lost labor. The court ordered supplemental briefing on whether K.T.'s own lost wages could be compensated and whether the government had waived a request for the lost value of W.T.'s wages.

**I.    Analysis**

The court must order restitution to each victim of a crime "in the full amount of [that] victim's losses." 18 U.S.C. § 3664(f)(1)(A). The government bears the burden of

demonstrating the amount of a victim's losses by a preponderance of the evidence. 18 U.S.C. § 3664(f)(1)(A).

The parties agree that at least $5,697.33 must be awarded to K.T. and the government has supplied uncontested evidence supporting that amount. The $5,697.33 represents the amount K.T. spent on W.T.'s funeral expenses and her own travel to attend and participate in proceedings related to Blackwater's prosecution. The court orders restitution to K.T. in that amount.

As Blackwater argued and the government now concedes (Doc. 63 at 1-3), K.T. cannot be awarded restitution for her own lost wages unconnected to her participation in the investigation or prosecution of, or her attendance at proceedings related to, Blackwater's offense. *See generally Lagos v. United States*, 584 U.S. 577 (2018). The court therefore denies K.T.'s request for $16,793.57 in her own lost wages from the Squaxin Island Tribe.

That leaves the question of whether the value of W.T.'s own lost wages based on the 15-20 hours per week he performed at the ranch—which K.T. performed in his stead between September 1, 2023 and December 18, 2023—is compensable. The parties seem to agree that ordinarily it would be if W.T.'s estate had made a request within the 90-day deadline for determining restitution. (*See* Doc. 62 at 4, Doc. 63 at 4.) Indeed, a homicide victim's future lost income may be recovered as restitution by the victim's estate. *United States v. Cienfuegos*, 462 F.3d 1160, 1164-65 (9th Cir. 2006). Future lost income cannot be awarded based on speculation, but the court may make "certain economic assumptions" and apply "concepts and analysis [that] are well-developed in federal law" to determine whether the government has proved the amount by a preponderance. *Id.* (citing *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 533-53 (1983)). Typically, a life expectancy analysis or other statistical metrics regarding likely future earnings support such a restitution award. *See Sutton v. Earles*, 26 F.3d 903, 918 (9th Cir. 1994); *United States v. Serawop*, 505 F.3d 1112, 1116 (10th Cir. 2007).

Blackwater's argument that the government waived its request for W.T.'s estate to

recover his lost wages by not asking within 90 days after sentencing is misplaced. (Doc. 62 at 4 (citing 18 U.S.C. § 3664(d)(5).) The government presented testimony at the restitution hearing that K.T. was the representative of W.T.'s estate and that 15-20 hours of labor per week were necessary to keep the ranch running, which W.T. did by himself until he died. Then, the government argued W.T.'s lost income could be reasonably valued by awarding minimum wage for the 15-20 hours per week of labor. The government reiterated in its filing on August 15, 2025, that the prosecutor cannot by her actions waive a victim's right to restitution under the Mandatory Victims Restitution Act. (Doc. 63 at 4 (quoting *United States v. Moreland*, 622 F.3d 1147, 1173 (9th Cir. 2010)). The government's presentation of testimony and argument at the restitution hearing and its supplemental briefing all occurred within 90 days after sentencing, and the court construes them as sufficient to preserve a timely request for W.T.'s lost wages under 18 U.S.C. § 3664(d)(5).

The government has not presented the type of statistical or life expectancy evidence that would support a long-lasting future lost wages award for W.T. But it is reasonable to assume based on the information presented at sentencing and the restitution hearing that W.T., who was the successful sole caretaker for the ranch until the day Blackwater killed him—a job that involved strenuous tasks like lifting multiple heavy bales of hay and repairing fences and roofs—would likely have survived the additional two-and-a-half months until December 18, 2023, for which his estate requests future lost wages. The court therefore awards the estate of W.T. restitution in the amount of minimum wage multiplied by 262.5 hours (assuming an average of 17.5 hours per week for the 15 weeks between September 1, 2023, and December 18, 2023). The government must calculate the amount owing based on the minimum wage applicable on the Navajo Nation Indian Reservation between those dates and file a notice to that effect within seven days, which will permit the court to substitute a sum certain on the amended judgment.

Accordingly,

**IT IS ORDERED** granting restitution to K.T. in the amount of $5,697.33.

1   **IT IS FURTHER ORDERED** denying K.T.'s request for $16,793.57 in restitution for her own lost wages.

**IT IS FURTHER ORDERED** granting restitution to the estate of W.T. in the amount of 262.5 hours multiplied by the hourly minimum wage applicable on the Navajo Nation Indian Reservation between September 1, 2023, and December 18, 2023.

**IT IS FURTHER ORDERED** the clerk amend the judgment accordingly.

**IT IS FURTHER ORDERED** the government file a notice stating the hourly minimum wage applicable on the Navajo Nation Indian Reservation between September 1, 2023, and December 18, 2023, within seven days.

Dated this 21st day of August, 2025.

_Krissa M. Lanham_
Honorable Krissa M. Lanham
United States District Judge